UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JESSICA C. GRAHAM,

                    Plaintiff,

            -against-

CHRISTINE MADAIO DISTASIO; CAROLINE
D'ALESSIO; LINDA J. SALMON; JOAN
LEVINSON; TARA BAYER; NAOMI
TRACHTENBERG; RON GILL; ALBERT
JULIANO; CAROLE SCHAFFER; LAUREN
SHMUEL-ROMANOFF; AYMAN HAMMOUS;
VIDA O. KNIGHT; JESSICA MUSTO; PHYLLIS
BROWN; JAYE MILLER; DEBRA WAGNER;
THERESA BIANCOVISO; EDWARD O'CONNOR;
DR. CLARK; PHYLLIS DOE 1; JANE FOX 2;
DANIEL AJELLO; DENNIS M. WALCOTT;
IRWIN LEIBOWITZ; JOANN SPINNELLI;
PATTY DOE 4; ROSEMARY MEAGHER;
AMINE HADDAD; ROBERT MEAGHER;
CYNTHIA DIVIRGILIO; PINA RICCOBONO;
SAMMY KAFAH; MICHAEL GOLDENBERG;
MARIA SIMPSON; JOANNE GIULIANO;
MELISSA LAMB DONATH; JUSTYN P. BATES;
ESTHER MISRAHI ELTING; JOHN PALAZZOLA;
JOHN DOE 1 AND JOHN DOE 2,

                    Defendants.
------------------------------------------------------------x

Not for Publication
**MEMORANDUM AND ORDER**
14-CV-6677 (PKC)

PAMELA K. CHEN, United States District Judge:

      On November 10, 2014, plaintiff, proceeding *pro se,* filed the instant action alleging that her special needs son is being denied certain educational benefits to which he is entitled. Plaintiff alleges jurisdiction principally pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"), and the Americans with Disabilities Act of 1990, § 2 *et seq.*, 42

1

U.S.C.A. § 12101 *et seq.*[1]

The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915. Plaintiff is granted thirty (30) days leave to submit an amended complaint as detailed below.

Background

Plaintiff submits a complaint that names forty-two defendants, along with voluminous exhibits. As best as can be ascertained, plaintiff alleges that the Department of Education ("DOE") failed to provide her child with a free and appropriate education for the 2010-11, 2011-12 and 2012-13 school years. Plaintiff participated in a series of administrative hearings with the DOE, in which she sought changes to her child's Individualized Education Program ("IEP"). On June 28, 2013, an Impartial Hearing Officer issued a "Findings of Fact and Decision," holding that the January 28, 2011 IEP provided plaintiff's child with a free and appropriate education and that plaintiff was not entitled to any future recommendations or services for the 2013-2014 school year, or reimbursement for any services or transportation costs. (See Exhibits 121, 124, annexed to Compl.) On March 26, 2014, another administrative hearing was held, and plaintiff's claim was dismissed without prejudice because plaintiff no longer had custody of her child, and the child is no

---

[1] Plaintiff also assert claims for violations of various federal criminal statutes including: 18 U.S.C. §§ 241, 286, 371, 1201, 1341, 1342, 1343. (See Complaint ("Compl.") ¶ II.) These federal criminal statutes, provide no basis for plaintiff's claims because private persons cannot institute criminal prosecutions in the United States. See Leeke v. Timmerman, 454 U.S. 83, 85, (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) (criminal statutes do not provide private causes of action); see also Kashelkar v. Bluestone, 306 Fed. Appx. 690, 692 (2d Cir. 2009) (summary order) (18 U.S.C. § 1341 does not create a private right of action); Lodrini v. Sebelius, No. 14 CV 3137, 2014 WL 2446073, at *4 (E.D.N.Y. May 29, 2014) (18 U.S.C. §§ 241, 242 are criminal statutes that do not give rise to private causes of action); Sosa v. Lantz, 660 F. Supp. 2d 283, 288 (D.Conn. 2009) (18 U.S.C. § 1342 is a criminal statute that does not give rise to a private cause of action).

longer a student with the New York City schools. (See Exhibit 174, annexed to Compl.)

Plaintiff asks the Court to: (1) vacate the state judgment of custody, and return custody to plaintiff; (2) dismiss the order of protection that the child's father, Mr. Rawley, obtained against her; (3) file neglect proceedings against Mr. Rawley; and (4) order the DOE to comply with the requirements of the IDEA.[2] (Compl. at ¶ IV.)

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

---

[2] To the extent that plaintiff seeks to have this Court vacate the orders of Richmond County Family Court, and return custody of her child, the Court lacks subject matter jurisdiction. The domestic relations exception "'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" Sobel v. Prudenti, No. 12 CV 3258, 2014 WL 2750364, at *11 (E.D.N.Y. June 18, 2014) (quoting Akenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206 (1992)). The exception "stems from 'the policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which federal courts lack.'" Id. (quoting Thomas v. N.Y. City, 814 F.Supp. 1139, 1146 (E.D.N.Y. 1993)).

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally, and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

At the outset, the Court notes that plaintiff no longer has custody of her child, and that her child is living in another state with his father. Therefore, it is unclear if plaintiff, a non-custodial parent, has standing to bring this action. See Fuentes v. Board of Educ. of City of New York, 569 F.3d 46 (2d Cir. 2009) (citing Fuentes v. Bd. of Educ. of City of N.Y., 12 N.Y.3d 309, 314 (2009)) ("unless the custody order expressly permits joint decision-making authority or designates particular authority with respect to the child's education, a non-custodial parent has no right to 'control' such decisions. This authority properly belongs to the custodial parent.").

Moreover, even assuming that plaintiff has standing to bring this action, her complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336,

4

346 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons, 49 F.3d at 86. However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)).

Here, plaintiff's complaint is verbose and confusing. Moreover, plaintiff names forty-two defendants, yet fails to state what each defendant did, how the defendant's action harmed her, the dates of alleged harm, and what specific legal right the plaintiff believes that each defendant violated. In short, plaintiff's complaint fails to clearly state her claims, and the actions or inactions of each of the forty-two named defendants, and how those actions or inactions violate the law.

Leave to Amend

Accordingly, as plaintiff's complaint falls far short of giving fair notice of her claims, as required under Rule 8(a)(2), plaintiff is granted 30 days leave to file an amended complaint that complies with Rule 8. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Should plaintiff file an amended complaint, she must specifically state whether the custody agreement/order expressly permits joint decision-making authority with respect to her child's education. Plaintiff should annex a copy of her custody agreement to her amended complaint. Moreover, should plaintiff elect to file an amended complaint she must name proper defendants, and set forth the legal bases and

factual allegations to support her claim against each defendant.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend her complaint within 30 days as directed by this order, the action shall be dismissed and judgment shall enter. If plaintiff files an amended complaint, it will be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
December 10, 2014