UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────────x
JESSICA C. GRAHAM,

        Plaintiff,                     **MEMORANDUM AND ORDER**
                                              14−CV−6677 (PKC)
  −against−

CHRISTINE MADAIO DISTASIO;
CAROLINE D'ALESSIO; LINDA J.
SALMON; JOAN LEVINSON;
TARA BAYER; NAOMI TRACHTENBERG;
RON GILL; ALBERT JULIANO;
CAROLE SCHAFFER; LAUREN SHMUEL−
ROMANOFF; AYMAN HAMMOUS;
VIDA O. KNIGHT; JESSICA MUSTO;
PHYLLIS BROWN; JAYE MILLER;
DEBRA WAGNER; THERESA BIANCOVISO;
EDWARD O'CONNOR; DR. CLARK;
PHYLLIS DOE 1; JANE FOX 2;
DANIEL AJELLO; DENNIS M. WALCOTT;
IRWIN LEIBOWITZ; JOHN SPINNELLI;
PATTY DOE 4; ROSEMARY MEAGHER;
AMINE HADDAD; ROBERT MEAGHER;
CYNTHIA DIVIRGILIO; PINA RICCOBONO;
SAMMY KAFAH; MICHAEL GOLDENBERG;
MARIA SIMPSON; JOANNE GIULIANO;
MELISSA LAMB DONATH; JUSTYN P. BATES;
ESTHER MISRAHI ELTING; JOHN PALAZZOLA;
JOHN DOE 1 AND JOHN DOE 2; NEW YORK
CITY DEPARTMENT OF EDUCATION;
P.S. 022 GRANITEVILLE; CHILDREN AT PLAY;
OFFICE OF THE STATE REVIEW−NYS
EDUCATION DEPARTMENT; NYC
ADMINISTRATION FOR CHILDREN'S SERVICES;
DEBORAH PRIDE; MARTHA MARCANO;
ELISA GEORGIS; STACEY RUSSO;
CHARLES SMITH; JANE DOE 5; JANE DOE 6;
JOHN DOE 7; JOHN DOE 8; JOHN DOE 9;
JEWISH BOARD FAMILY CHILDREN SERVICES;
JAYE MILLER; NEW YORK CITY POLICE
DEPARTMENT; NYC INTERPERSONAL
DEVELOPMENT; MR. MITCH ROUZIE;
ERIN NEUBAUER−KEYES; NYC FAMILY
COURT IN RICHMOND COUNTY;
WILLIAM QUIRK; JAMES VELOUCE;
────────────────────────────────────────x

―――――――――――――――――――――――――――――x
HELENE D. SACCO; KAREN WOLFF;
ARNOLD LIM; LISA ASCHKENASY;
JANELE HYER−SPENCER; JACK SHANLER;     **MEMORANDUM AND ORDER**
GEORGE ENG; RALPH PORZIO;                14−CV−6677 (PKC)
JODY BAHAR; IAN BERLINER;
GEOFFREY LONG; BENJAMIN HABER;
ALISON HAMANJIAN; JANE DOE 1;
JANE DOE 2; JANE DOE 3; JANE DOE 4;
RICHMOND COUNTY SHERIFF'S
DEPARTMENT; JOHN DOE 3; JOHN DOE 4;
NYC FAMILY COURT IN MANHATTAN
COUNTY; EDWINA RICHARD−MENDELSON;
SUPREME COURT OF THE STATE OF NY
APP. DIV. 2D. DEPT.; REINALDO E RIVERA, J.P.;
CHERYL E. CHAMBERS; JOHN M. LEVENTHAL;
SYLVIA O. HINDS−RADIX; BETSY BARROS, JJ;
RUTH C. BALKIN; L. PRISCILLA HALL;
HECTOR D. LASALLE, JJ; APRIL AGOSTINO;
KEN ROSE; SHERI S. ROMAN; MARK C DILLON,
J.P.; PLUMMER E. LOTT; THOMAS A.
DICKERSON; JEFFREY A COHEN;
COLLEEN D. DUFFY, JJ; LEONARD B. AUSTIN;
THE CHILDREN'S PLAYHOUSE; PHYLLIS "DOE";
"JANE" FOX; PERFECT PLAYGROUND;
THERAPY PROS; OUR PLACE; WORDS 'N
MOTION; RICHMOND COUNTY D.A.'S OFFICE;
DISTRICT ATTORNEY DANIEL DONOVAN, JR.;
STATE OF NY, OFFICE OF THE ATTORNEY
GENERAL; ATTORNEY GENERAL ERIC T.
SCHNEIDERMAN; NYC COMMISSION ON
HUMAN RIGHTS; JOHN DOE 5; JOHN DOE 6;
BOROUGH OF STATEN ISLAND − BOROUGH
PRESIDENT'S OFFICE; JANE DOE 7,

             Defendants.
―――――――――――――――――――――――――――――x
PAMELA K. CHEN, United States District Judge:

       Presently before the Court is an amended complaint filed by *pro se* plaintiff Jessica C. Graham ("plaintiff") against 120 defendants alleging, *inter alia*, that her special needs son was denied educational benefits under the Individuals with Disabilities Education Act, 20 U.S.C. §

2

1400, *et seq.* ("IDEA"), and the Americans with Disabilities Act of 1990, § 2 *et seq.*, 42 U.S.C.A. § 12101 *et seq*. (Dkt. No. 7 ("Am. Compl.").)

This Court previously dismissed plaintiff's initial complaint with leave to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. (Dkt. No. 6 (Mem. and Order dated Dec. 10, 2014) at 5). For the reasons stated below, plaintiff's amended complaint is dismissed for failure to state a claim upon which relief may be granted.

*BACKGROUND*

Initial Complaint and December 10, 2014 Order

Plaintiff's original complaint (Dkt. No. 1 ("Compl.")) named forty−two defendants and alleged that the Department of Education failed to provide her child with a free and appropriate education for the 2010−11, 2011−12, and 2012−13 school years.[1]

On December 10, 2014, the Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dkt. No. 6 at 2). Plaintiff's complaint, however, suffered from multiple deficiencies. The complaint failed to clearly state plaintiff's claims, the alleged actions or inactions of the forty−two named defendants, and the specific legal right plaintiff believed each defendant had violated. (*Id.* at 5.) Additionally, it was unclear from plaintiff's submissions

---

[1] Plaintiff further asserted claims for violations of various federal criminal statutes including: 18 U.S.C. §§ 241, 286, 371, 1201, 1341, 1342, 1343. (*See* Compl. ¶ II.) The Court's December 10, 2014 order noted that federal criminal statutes provide no basis for plaintiff's claims because private persons cannot institute criminal prosecutions in the United States. *See Leeke v. Timmerman,* 454 U.S. 83, 85 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir. 1994) (criminal statutes do not provide private causes of action); *see also Kashelkar v. Bluestone*, 306 Fed. Appx. 690, 692 (2d Cir. 2009) (summary order) (18 U.S.C. § 1341 does not create a private right of action); *Lodrini v. Sebelius*, No. 14 CV 3137, 2014 WL 2446073, at *4 (E.D.N.Y. May 29, 2014) (18 U.S.C. §§ 241, 242 are criminal statutes that do not give rise to private causes of action); *Sosa v. Lantz*, 660 F.Supp.2d 283, 288 (D.Conn. 2009) (18 U.S.C. § 1342 is a criminal statute that does not give rise to a private cause of action).

whether plaintiff as a non-custodial parent had proper standing to assert her claims. (*Id.* at 4.) The Court accordingly granted plaintiff leave to file an amended complaint.

In granting plaintiff leave to amend, the Court directed that any amended complaint name proper defendants and set forth the legal bases and factual allegations to support her claim against each defendant. The Court further directed plaintiff to annex a copy of her custody agreement to any amended complaint, and to specifically state whether the agreement expressly permits joint decision-making authority with respect to her child's education. The Court advised plaintiff that the amended complaint would be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B). (*Id.* at 4-5.)

Amended Complaint

Plaintiff's amended complaint, filed December 31, 2014, is 151 pages in length and names 120 defendants. (ECF No. 7.) Plaintiff alleges that defendants "intentionally refused to accommodate, provide and protect the Child and his Disabilities." (Am. Compl. at 59.)

The majority of plaintiff's allegations concern the loss of custody of her child, which is the subject of an ongoing dispute before the Family Court of the State of New York, County of Richmond ("Richmond County Family Court"). On July 14, 2009, plaintiff entered into a custody agreement with the child's father, Charles Rawley ("Rawley), that gave plaintiff sole custody of the child. (Am. Compl. Ex. 3.) Rawley subsequently submitted an application for emergency custody of the child, which was granted on November 20, 2013. (Am. Compl. Exs. 4, 5.) On December 3, 2013, the Richmond County Family Court granted Rawley's *ex parte* application for a temporary order of protection against plaintiff. (Am. Compl. Exs. 7, 35.) That order directed plaintiff to refrain from contacting Rawley or her child, subject to court-ordered visitation. (*Id.*). The Richmond County Family Court extended Rawley's temporary order of custody and the

4

orders of protection on January 23, March 25, and October 15, 2014.  (Am. Compl. Exs. 8, 9, 22, 32.)

Between December 2013 and May 2014, plaintiff filed 11 orders to show cause seeking, *inter alia*, to vacate Rawley's temporary order of custody.  (*See* Am. Compl. Ex. 35.)  On November 24, 2014, the Richmond County Family Court Referee recommended that to the extent plaintiff was seeking the immediate return of her child, her relief was denied.  (*Id.*)  All custody issues were referred to the trial court, with hearing dates scheduled for February 19 and March 18, 2015.  (Am. Compl. Ex. 50).  By order dated December 24, 2014, the Richmond County Family Court barred plaintiff from filing any future motions, petitions, supplemental petitions, orders to show cause without first obtaining prior approval of the Family Court.  (*Id.*)

Plaintiff's amended complaint requests that this Court order the immediate return of custody to plaintiff, dismiss the order of protection that Rawley obtained against her, suspend child support, order the Richmond Family Court to abide by state law and rules, file neglect proceedings against Rawley, and order the New York City Department of Education to comply with the requirements of the IDEA.  Plaintiff further seeks reimbursement and money damages from defendants.  (Am. Compl. at 62.)

*STANDARD OF REVIEW*

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Ahlers v. Rabinowitz,* 684 F.3d 53, 60 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*per curiam*)); *see also James v. Westchester Cnty.,* No. 13–CV–19, 2014 WL 4097635, at *2 (S.D.N.Y. Aug. 19, 2014) ("*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and

*Iqbal.*" (internal quotation marks omitted)). Nevertheless, a *pro se* complaint must state a plausible claim for relief. *Nielsen v. Rabin,* 746 F.3d 58, 63 (2d Cir. 2014) (internal quotation marks omitted). Moreover, a *pro se* party is "not exempt ... from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8(a) "does not require detailed factual allegations, ... it demands more than an unadorned, the−defendant−unlawfully−harmed−me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007); *see also Iqbal,* 556 U.S. at 678 (holding that Rule 8 calls for "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

*DISCUSSION*

The Court has reviewed plaintiff's amended complaint for substantive sufficiency, and concludes that plaintiff has failed to meet the minimum requirements established by Rule 8 of the Federal Rules of Civil Procedure. The amended complaint adds seventy−eight defendants to the initial complaint, naming 120 defendants in total. Plaintiff's allegations, though lengthy, remain ill−defined and insufficient. Plaintiff fails to specify, for instance, what each of the defendants did or failed to do to violate the IDEA or other laws. Plaintiff simply groups seventy−two defendants together, and makes a conclusory claim that those defendants discriminated against her son and his

6

disabilities. (Am. Compl. at 59.) Such unadorned conclusions fail as a matter of law to state a legally cognizable claim. *Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC,* 414 Fed. Appx. 334, 335 (2d Cir. 2011) ("conclusory statements must be disregarded," and "the remaining factual assertions must, when read together, make a plausible case for relief") (citing *Iqbal*, 556 U.S. at 678).[2]

To the extent that plaintiff seeks to have this Court (1) vacate the orders of Richmond County Family Court and return custody of her child, (2) vacate Rawley's order of protection against plaintiff, and (3) suspend child support (Am. Compl. at 62), the Court lacks subject matter jurisdiction to grant plaintiff the relief that she seeks. The domestic relations exception to federal jurisdiction "'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Sobel v. Prudenti,* No. 12 CV 3258, 2014 WL 2750364, at *11 (E.D.N.Y. June 18, 2014) (quoting *Akenbrandt v. Richards,* 504 U.S. 689, 703 (1992)). The exception "stems from 'the policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which federal courts lack.'" *Id.* (quoting *Thomas v. N.Y. City,* 814 F.Supp. 1139, 1146 (E.D.N.Y. 1993)). *See also Graham v. Rawley*, 14 Civ. 6022 (PKC) (Dkt No. 6 (dismissing plaintiff's claims relating to the custody of her child and claims for injunctive relief and monetary damages related to the loss of custody of her child for lack of subject matter jurisdiction)).

---

[2] The Court further notes that as a noncustodial parent, plaintiff may not possess appropriate standing to assert claims under the IDEA. *See Fuentes v. Bd. of Educ. of City of New York,* 569 F.3d 46 (2d Cir. 2009) (citing *Fuentes v. Bd. of Educ. of City of N.Y.,* 12 N.Y.3d 309, 314 (2009)) ("unless the custody order expressly permits joint decision-making authority or designates particular authority with respect to the child's education, a non-custodial parent has no right to 'control' such decisions. This authority properly belongs to the custodial parent."). Although plaintiff submitted a stipulation that awarded sole custody of the child to plaintiff on July 14, 2009, temporary custody has since been awarded to the child's father, and a final award of custody has yet to be determined. However, the Court will assume solely for the purposes of this memorandum and order that plaintiff has standing to bring this action.

The Court likewise lacks jurisdiction to file neglect proceedings against Rawley, Nancy Herrera "and all defendants." (Am. Compl. at 62.) Finally, to the extent that plaintiff seeks an order from this Court directing the New York City Department of Education to provide her son with "Special Education Services," the Court notes that her son currently resides in New Jersey and is not enrolled in a New York City school.

## CONCLUSION

The amended complaint is accordingly dismissed for failure to comply with Rule 8 and for failure to state a claim upon which may be granted. The Court respectfully directs the Clerk of the Court to terminate this matter. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444−45 (1962).

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: January 23, 2015
Brooklyn, New York